Opinion of the Court, by
Judge Mills.
THIS is a notice and motion, under the act of assembly, to set aside and annul a sale of lands made by virtue of an execution. Some small judgments for costs were obtained in the county of Montgomery, against the appellee, and the sheriff sold two tracts of land in one day, the one containing 500 acres, and the other 400 acres, the property of Owings. The sale was appointed at a house near the division line between the two tracts, and after one was sold, the sheriff went across the division line and sold the other. Both went for the sum of about twenty-two dollars, when, at the lowest calculation of the witnesses, the lands must be worth five thousand dollars, and by the highest calculation they amounted to at least seven thousand dollars. The evidence is long, and a considerable portion of it immaterial, and need not be here recited.
In deciding on motions of this character, a court is compelled to try all the facts, as well as the law, and of course ought to notice and draw just inferences and presumptions from every pertinent fact. The appellee, whose land was sold, does not appear to reside in the county, but was a partner in a store and blacksmith’s shop. In these, however, he was a secret partner, and others living in the town carried it on in their names. He had also a special agent to do some particular business in the county town, and another general agent, by letter of attorney recorded, residing in the county. His special agent had called at the clerk’s office, and left word that he would pay these or any other judgments against him. Another individual had called, and required the amount of the judgments to be taxed, but did not obtain them, the clerk being busy, and left word with the clerk where the money could be had. The clerk himself deposed, that he would not have issued the executions himself, but would have paid them, had he known when they issued; but they were issued by one of his deputies.
*257 Although inadequacy of price is not of itself a sufficient ground to vitiate a sale of this nature, yet it may, coupled with other circumstances, afford grounds for a strong presumption that the sale has not been fairly conducted. It does not, however, stand alone in this instance. The purchaser here, had the control of the executions, although he does not appear to be the legal plaintiff. He pointed out the estate to the sheriff, and the place of sale. On the day of sale he and about two more individuals attended with the sheriff, and he purchased one tract at about ten, and the other at twelve dollars. The sheriff deposed that he advertised the land, by setting up an advertisement on the morning of a court day; but did not see it there in the evening, nor was it seen by any other person, as far as appears from the record, until, on the day of sale, it was produced by the purchaser, on the ground, or by some one of the other individuals attending with him. Let the inadequacy of price, the number who wished to pay the execution and protect the appellee’s interest, not having heard of the sale in the same town; the pains taken to pay these executions, unsuccessfully; the eye of the clerk resting upon the matter; the active agency of the purchaser in the affair; the disappearing of the advertisement, and its production on the day of sale, be all combined, they afford such a violent presumption that the transaction was conducted with secrecy and address by the purchaser, with an intention of procuring the estate at an immense sacrifice, that we cannot say that the court below, who heard the witnesses depose ore tenus, erred in deciding that the sale was fraudulent and ought to be set aside.
The judgment must, therefore, be affirmed with costs.